JOHN W. TOWER, ESQ. #106425
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA  92024
(760) 436-5589 / Fax (760) 479-0570
Towerlawsd@gmail.com

Attorneys for Plaintiff
Centered Health, LLC

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTERED HEALTH, LLC, a California limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>UMR, INC., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF ERISA AND VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200**<br><br>**[JURY DEMAND]** |

Plaintiff alleges as and for its causes of action as follows:

1.   Plaintiff is a limited liability company authorized to do and doing business in the City of Los Angeles, County of Los Angeles, State of California and was at all times herein mentioned doing business as a mental health treatment facility and provided services which were or should have been covered by health insurance policies which Plaintiff is informed and believes and thereon alleges were provided, sponsored, supplied, underwritten, administered and/or implemented by Defendants and/or Defendants alter ego's or related companies.

2. Plaintiff is informed and believes and thereon alleges that Defendant (hereinafter "UMR") is a corporation authorized to do and doing insurance business in the city of Los Angeles, County of Los Angeles, State of California.

3. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10 are somehow related to and/or controlled by the named Defendant and are somehow involved in the issuing of the plan/policy and/or the handling of the claims described herein. The true names and capacities of the Defendants sued herein under Section 474 of the Code of Civil Procedure as DOES 1 through 10 are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the events herein referred to and caused the damages hereinafter alleged.

4. Plaintiff is informed and believes and thereon alleges that each Defendant is and was at all times herein mentioned acting as the agent, employee and/or alter ego of each of the remaining Defendants and at all times acted within the scope and authority of said agency, employment and/or other relationship.

5. At all times herein mentioned, Plaintiff is informed and believes that its patient DD had and has healthcare insurance under the Commscope, Inc. of North Carolina Group Health Plan, group number 7670-00-414587, a healthcare insurance plan (hereinafter the "Plan") issued by the Defendants that Plaintiff is informed and believes and thereon alleges was issued, underwritten and/or administered by Defendants and/or said Defendants' predecessor(s),assignor(s), agent(s), alter ego(s) or related entities, including the DOE Defendants herein, and wrote the policy, are in possession of same and are familiar with its terms and conditions. Information identifying DD by name, claims and applicable insurance policies/plans, is not provided herein as it is confidential HIPAA protected information. This information has been provided in a confidential private manner to Defendants through counsel after the filing of this lawsuit.

6. While the subject plan was in effect, DD sought treatment with Plaintiff. Plaintiff, which is an out of network provider with regard to Defendants, took reasonable steps to verify available benefits, including contacting Defendants, as directed by Defendants, to verify insurance benefits and was advised that the policy provided for and Defendants would pay for the mental health treatment provide by Plaintiff to DD at the rate of 60% of Plaintiff's normal billing rate which is the usual and customary rate for the services provided. In reasonable reliance on these representations and information, and pursuant to the agreement of Defendants to pay based on that rate, Plaintiff admitted and treated DD and submitted claims for payment in accordance with these representations and agreements.

7. Based on the representations, authorization and agreement of the Defendants alleged above, Plaintiff provided the agreed upon services, submitted proper claims, and has performed all conditions, covenants and promises required to be performed in accordance with the agreements and/or representations referred to herein above except, if applicable, those that have been excused, waived or are otherwise inapplicable. The treatment at issue herein was authorized and/or medically necessary. Information including the specific claims, EOBs, medical records, appeals and other claim documents is not provided herein as it is confidential HIPAA protected information. Information concerning DD and the claims at issue in this case has been provided to counsel for Defendants in a confidential private subsequent to the filing of this lawsuit. The Defendants are in possession of same as this documentation was previously provided to Defendants during the claim and/or claim denial appeal process.

8. Within the past two years, at Los Angeles, California, the Defendants breached their agreements with Plaintiff and/or committed other wrongful acts and omissions by refusing to pay Plaintiff for the treatment care it provided based on the represented and agreed upon 60% of billed/usual and customary rate, but rather paid nothing for the treatment care provided to DD at issue herein. When Defendants

denied the claims, they did not provide a reasonable explanation for the denial (which there was none) and did not provide an explanation of the appeal/review process. Additionally, after Plaintiff provided requested records and appealed the claim denials, Defendants arbitrarily and capriciously refused to accept the claims. As a result of the facts and conduct alleged herein, an unconscionable injury would result to Plaintiff if Defendants are not required to pay the represented/agreed to payment rate which is the amount Plaintiff billed for the services it provided, and Defendants are equitably estopped from denying the agreement/obligation to pay. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered significant damage in an amount to be shown according to proof.

## FIRST CAUSE OF ACTION
### (Violation of ERISA- 29 U.S.C. §1132 and related provisions)

9. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 8, as though fully set forth herein. Plaintiff has received a valid assignment, power of attorney, and designation to act as an ERISA representative from DD and brings this action as the assignee and/or representative of DD based thereon.

10. As alleged herein, Plaintiff provided covered authorized and/or medically necessary mental health treatment services to DD who was insured under the Plan identified herein. The Plan covers treatment for mental health disorders, and states at Plan page 92 under the "Mental Health Provision":

> "The Plan will pay the following Covered Expenses for services authorized by a Physician and deemed to be Medically Necessary for the treatment of Mental Health Disorders, subject to any Deductibles, Copays, Participation amounts, maximum or limits shown on the Schedule of Benefits. Benefits are based on the Usual and Customary charge, maximum fee schedule or the negotiated rate."

11. The Plan further provides at page 14 that it covers inpatient, residential, partial hospitalization and outpatient out of network mental health services at a 60%

rate. Plaintiff verified insurance coverage for DD, and when required by the Plan obtained preauthorization to provide treatment services. Plaintiff provided authorized and/or medically necessary mental health treatment services, submitted proper claims to Defendants, submitted proper appeals to Defendants and otherwise has performed all terms, conditions, covenants and promises required to be performed in accordance with the terms and conditions of Plan except, if applicable, those that have been waived, excused or are otherwise inapplicable.

12. Within the past year before the original filing of this lawsuit, at Los Angeles, California, the Defendants breached their ERISA, contractual and/or fiduciary obligations under the subject plan and violated the provisions of ERISA including but not limited to 29 U.S.C. §1132(a)(1)(B) by failing to honor Plaintiff's properly submitted claims for treatment provided to AI under the Plan, by refusing to change the unsupported and inappropriate claim denials when Plaintiff submitted proper appeals in accordance with the terms of the Plan, by not honoring and attempting to rescind the authorizations and approval for the services provided, by failing to provide a reasonable explanation of basis for its denials of the claims at issue, by engaging in the conduct alleged hereinabove, by refusing to respond to requests for documents and information, by failing to explain the reasons for nonpayment of claims, by arbitrarily and capriciously denying or grossly underpaying clearly covered claims and in other regards which will be shown according to proof.

13. As a direct and proximate result of the Defendant's breach of contracts and violations 29 U.S.C. §1132, Plaintiff has suffered and will continue to suffer economic injury in fact as alleged herein in an amount according to proof at the time of trial, together with interest thereon at the legal rate. Plaintiff hereby demands payment of past benefits wrongfully withheld with interest thereon at the legal rate. Pursuant to 29 U.S.C. §1132(g) Plaintiff hereby requests attorney's fees and costs in connection with recovering benefits due and owing from the Defendants. Plaintiff also requests this court enter an order directing that the claims at issue be reprocessed

using appropriate applicable standards which comply with ERISA, and additional equitable and injunctive relief as may be appropriate under the circumstances. Plaintiff also requests this court enter appropriate orders sanctioning or levying fines on Defendants for refusing to comply with documentation and information requests, and for Defendants stonewalling and lack of cooperation in an effort to frustrate Plaintiff's attempts to have the claims processed and paid correctly.

## SECOND CAUSE OF ACTION

**(Violation of Business and Professions Code section 17200)**

14. Plaintiff realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 13, as though fully set forth herein. Although it appears on its face that the applicable healthcare plan is an ERISA plan, Plaintiff has not had the benefit of discovery to verify that the plan meets all ERISA requirements, and therefore alleges this claim for relief in the alternative pursuant to Federal Rules of Civil Procedure, Rule 8(d)(3).

15. At all times relevant herein, California Business and Professions Code section 17200 et seq. was in full force and effect. The Defendants conduct of, by way of example and without limitation, providing false and misleading information regarding the payment amount for mental health treatment and then after treatment is completed either denying claims or paying a small fraction of the represented amount is unlawful, unfair and/or fraudulent and constitutes an unfair business practice under California law.

16. Plaintiff has been and continues to be directly damaged by the conduct of the Defendants and there is a causal link between the Defendants violation of Business and Professions Code section 17200 alleged herein and the monetary damages suffered by Plaintiff.

17. The Defendants continue to engage in the conduct complained of herein that offend established public policy and which is unethical, oppressive, unscrupulous, unlawful, unfair, fraudulent and substantially injurious to the public at large in that

those battling mental health walk a fine line to maintain functionality and are placed in a position where they or their families may be financially responsible for considerable sums of money for treatment received, and providers of mental health treatment are placed in a position where they may be required to pursue former patients for payment of substantial funds that were promised to be paid by Defendants.

18. The Defendants conduct of misrepresenting that it will pay for authorized and/or medically necessary mental health treatment services, and then denying properly submitted claims is contrary to California law, unfair, and constitutes fraud against Plaintiff since Plaintiff makes admission decisions based on information that is provided by and/or agreements entered into with Defendants when insurance benefits and payment amounts are verified and confirmed, and when treat is authorized and/or medically necessary.

19. Plaintiff seeks compensation for the damages and/or injunctive relief arising from the conduct and activities of Defendants in violation of Business and Professions Code section 17200 as alleged herein, including but not limited to injunctive relief prohibiting the unfair and fraudulent business practice of misrepresenting that it will pay for authorized and/or medically necessary mental health treatment services and then denying claims for specious reasons and requiring out of network providers to go through unnecessary and burdensome appeals and in some cases lawsuits, disgorgement of illegal profits and/or ill-gotten financial gains, in an amount according to proof at the time of trial. Defendants conduct is in violation of California law, including but not limited to California Business and Professions Code section 17200, et. seq., California Health and Safety Code sections 1371.37 and 1371.8, California Insurance Code Sections 790.03 and 796.04, and California's parity laws.

20. Because the Defendants are engaged in an unfair, unlawful and fraudulent business practice, and this action may benefit large groups of individuals struggling with mental health and providers of mental health treatment, Plaintiff is entitled to

claim reasonable attorney's fees in an amount to be determined according to proof at the time of trial.

      WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

      1.     For benefits due under the plan according to proof.

      2.     For prejudgment interest on amounts benefits wrongfully withheld.

      3.     For expenses incurred, including attorney's fees and other costs, according to proof.

      4.     For injunctive and other equitable relief, including but not limited to reprocessing of claims or other relief as the Court may deem just and proper.

Dated: February 4, 2025            LAW OFFICE OF JOHN W. TOWER

                                            By: */s/ John W. Tower*
                                                  JOHN W. TOWER
                                                  Attorney for Plaintiff
                                                  Centered Health, LLC

## JURY DEMAND

      Plaintiff hereby demands a jury for all issues properly giving rise to the right to trial by jury.

Dated: February 4, 2025            LAW OFFICE OF JOHN W. TOWER

                                            By: */s/ John W. Tower*
                                                JOHN W. TOWER
                                                Attorney for Plaintiff
                                                Centered Health, LLC